**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JOBOYD UNDRE GIBSON, #48412**  **PETITIONER**

**VERSUS**  **CIVIL ACTION NO. 5:08-cv-247-DCB-MTP**

**UNITED STATES OF AMERICA**  **RESPONDENT**

MEMORANDUM OPINION AND ORDER
DISMISSING THE PETITIONER'S COMPLAINT

The petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2241 on July 18, 2008. In an order entered January 29, 2009, petitioner was ordered to file a written response, on or before February 17, 2009. The petitioner was warned in this order that his failure to timely comply with the requirements of the order may result in the dismissal of his case. The petitioner failed to comply with this order.

On March 10, 2009, an order was entered directing the petitioner to show cause, on or before March 24, 2009, why this case should not be dismissed for his failure to comply with the court's order. In addition, the petitioner was directed to comply with the January 29, 2009, order, on or before March 24, 2009. The petitioner was warned in the show cause order that his failure to timely comply with the requirements of the order would result in the dismissal of his case without further notice. The petitioner has not complied with the show cause order.

This court has the authority to dismiss an action for petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash R.R., 370 U.S. 626, 629 (1962); Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness

of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Link, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. Id. at 629-30.

Petitioner has not complied with two court orders and has not communicated with this court since July 31, 2008. The court concludes that dismissal of this action for petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) is proper. Since the respondent has never been called upon to respond to petitioner's pleading, and has never appeared in this action, and since the court has never considered the merits of petitioner's claims, the court's order of dismissal will provide that dismissal is without prejudice. See Munday/Elkins Auto. Partners, LTD. v. Smith, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED this the   26th   day of May, 2009.

           s/ David Bramlette
          UNITED STATES DISTRICT JUDGE